[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14944
Non-Argument Calendar

_____

D. C. Docket No. 06-22990-CV-FAM

JUAN PEIRANO BASSO,

                                                            Plaintiff-Appellant,

versus

UNITED STATES MARSHAL,
Christina Pharo, Southern District of Florida,
FEDERAL BUREAU OF PRISONS,
Harley G. Lapin, Director,
ATTORNEY GENERAL,
Michael B. Mukasey,
SECRETARY OF STATE,
Condoleeza Rice, United States of America,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Juan Peirano Basso, a federal detainee, appeals the district court's dismissal of his petition for writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241, challenging a magistrate judge's order certifying his extradition to Uruguay to face charges of fraudulent corporate insolvency. Basso contends that the district court erred in finding that the rule of non-inquiry prevented the extradition magistrate from considering his assertion that he would be subjected to due process violations if extradited.

Habeas corpus review of a magistrate's extradition order is limited to determining whether (1) the magistrate had jurisdiction, (2) the charged offense falls within the treaty, and (3) the evidence was sufficient to believe that the defendant is guilty. Martin v. Warden, Atlanta Pen, 993 F.2d 824, 828 (11th Cir. 1993).

In Martin, Martin claimed that the certification of extraditability infringed his due process right to a "speedy extradition" because Canada delayed seeking extradition for seventeen years. Id. at 825. We recognized that extradition is an executive function, derived from the President's authority to conduct foreign affairs, and as such, the magistrate's role is solely to determine whether there is

2

sufficient evidence to support a charge under the applicable treaty. Id. at 828. After the magistrate issues a certification of extraditability, the Secretary of State conducts an independent review in determining whether to issue a warrant of surrender, and in this review, the Secretary has broad discretion to consider factors affecting both the defendant and foreign relations, which the magistrate may not consider. Id. at 829. In holding that there is no Fifth Amendment right to a speedy extradition, we stated that recognizing such a right would violate the rule of non-inquiry, "which precludes extradition magistrates from assessing the investigative, judicial, and penal systems of foreign nations when reviewing an extradition request." Id. In a footnote, we recognized that several courts, in dicta, have hinted that a defendant could bring a due process challenge to his extradition based on humanitarian considerations, but stated that we have never embraced this dictum and reaffirmed that judicial intervention on the basis of humanitarian considerations is inappropriate, as these matters are for review by the State Department. Id. at 830 n.10.

Under the forgoing principles, we find no error in the district court's dismissal of Basso's habeas petition, because the rule of non-inquiry prevents an extradition magistrate, without exception, from assessing the receiving country's judicial system.

**AFFIRMED.**